IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

METAPHYZIC EL-ECTROMAGNETIC SUPREME-EL,

    Petitioner,

v.                                                Civil Action No. 3:12CV523

SHERIFF ROBERT MCCABE,

    Respondent.

**MEMORANDUM OPINION**

Metaphyzic El-Ectromagnetic Supreme-El, a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that Supreme-El has failed to exhaust his state court remedies. Supreme-El has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 11) will be granted.

By Order entered on April 4, 2012, the Circuit Court of the City of Norfolk revoked Supreme-El's probation and imposed a seven-year active term of imprisonment. Commonwealth v. Metaphyzic Electromagnetic Supreme, Nos. CR05001497-07 through CR05001497-09, at 1-3 (Va. Cir. Ct. Apr. 4, 2012). On July 13, 2012, this Court received Supreme-El's § 2254 Petition challenging the above judgment. (§ 2254 Pet. (ECF No. 1) 1.)[1]

---

[1] In his § 2254 Petition, Supreme-El also mentions additional state court charges. (§ 2254 Pet. 1.) Supreme-El mentions a judgment for failing to pay child-support. (Id.) The six-month jail sentence for failing to pay child support was

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in the congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" Slavek v. Hinkle, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks omitted).

Exhaustion requires a petitioner to utilize all available state remedies before he or she can apply for federal habeas

---

entered by the Juvenile and Domestic Relations General District for City of Norfolk. (Br. Supp. Mot. Dismiss (ECF No. 13) ¶ 2.) Thus, Supreme-El cannot challenge that judgment in this § 2254 Petition. See Rules Governing § 2254 Petitions in the U.S. District Courts, Rule 2(e) ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."). Additionally, Supreme-El mentions then-pending criminal charges in the Circuit Court of the City of Norfolk. (§ 2254 Pet. 1.) The Court's conclusion that Supreme-El failed to exhaust his relevant state court remedies applies with equal force to the pending criminal charges.

relief. See O'Sullivan v. Boerckel, 526 U.S. 838, 847-48 (1999). As to whether a petitioner has exhausted all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, Supreme-El can still raise his claims for relief by filing a petition for a writ of habeas corpus in the Virginia courts. See Va. Code Ann. § 8.01-654 (West 2013). Supreme-El fails to advance any coherent basis for permitting him to proceed without exhausting available state court remedies.[2]

The Motion to Dismiss (ECF No. 11) will be granted. The petition for a writ of habeas corpus will be denied. The action

---

[2] Supreme-El makes a convoluted, frivolous argument that as a Moorish American he cannot be criminally prosecuted. (Pet'r's Br. Opp'n (ECF No. 15) 1-10;); see United States v. Burris, 231 F. App'x 281, 282 (4th Cir. 2007) (rejecting as "frivolous" defendant's claim that the district court lacked jurisdiction over his prosecution "because of his status as a Moorish American National" (internal quotation marks omitted)); El-Bey v. City of Greensboro, No. 1:10CV572, 2011 WL 4499168, at *1 n.1 (M.D.N.C. 2011) (rejecting as frivolous litigants' "claim to be immune from all state and federal laws by virtue of their supposed identities as descendants of indigenous peoples and for other equally absurd reasons").

3

will be dismissed. The Court will deny a certificate of appealability.[3]

The Clerk is directed to send a copy of the Memorandum Opinion to Supreme-El and counsel of record.

/s/ REV
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 25, 2013

---

[3] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Supreme-El fails to meet this standard.

4